IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALERIE PETERS

    v.                       :   Civil Action No. DKC 17-0134

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL UNION :
NO. 1200

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment case is a motion to dismiss or, in the alternative, for summary judgment filed by Defendant International Brotherhood of Electrical Workers, Local Union No. 1200 ("Defendant" or "Local IBEW").  (ECF No. 8).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss, construed as a motion for summary judgment, will be denied.

**I.  Background**

**A.  Factual Background[1]**

Defendant represents broadcasting and freelance members working for TV stations, production houses, and sporting events across the nation.  (ECF No. 1 ¶ 14).  Plaintiff began working

---

[1] Unless otherwise noted, the facts outlined here are construed in the light most favorable to Plaintiff.

as an office assistant for Defendant in 1994. (*Id.* ¶ 16). Plaintiff was hired as an hourly employee and was paid $10.50 hourly. (*Id.* ¶¶ 32, 33). Upon hire, Plaintiff was offered and accepted an employment agreement that included terms for a medical plan for all employees with premiums paid by Defendant, vacation and holiday pay, sick leave, termination only for just cause, and payment for unused vacation time upon termination. (*Id.* ¶ 18). On May 15, 2005, Plaintiff was offered and she accepted an updated employment agreement, which included the same terms as the prior agreement and additional terms for an employee pension benefit, amended vacation pay, and updated severance terms. (*Id.* ¶¶ 19, 20). The updated agreement still included the term that Plaintiff's employment could only be terminated for "just cause." (*Id.* ¶ 21).

Defendant began renting out its offices in December 2010 and told employees to work from home. Local IBEW documents, supplies, and equipment were moved to Plaintiff's home office. (*Id.* ¶ 55). In January 2015, Plaintiff was promoted from Office Assistant to Production Coordinator, and her hourly rate increased to $25.45. (*Id.* ¶¶ 17, 36). In July 2015, the office manager in charge of member billing and dues processing was terminated, and Plaintiff's supervisor and Local IBEW Business Manager Tom Albano passed all of the office manager's duties and responsibilities to Plaintiff with no additional compensation.

2

(*Id.* ¶¶ 56, 57).   In August 2015, Plaintiff asked Mr. Albano about hiring a part-time employee to assist Plaintiff with her multiple duties.   Instead, Mr. Albano hired an accountant who was not tasked with assisting Plaintiff.  (*Id.* ¶ 59).   In addition to working at least 8 hours a day Monday through Friday, Plaintiff was required to work 8 hours a day on Saturday and Sunday approximately 30 weekends a year to assist with different TV sporting events staffed by Local IBEW members. (*Id.* ¶ 37, 38).  Defendant did not pay Plaintiff for all of her overtime hours and only paid Plaintiff overtime on two occasions – once in 2014 and once in 2016.  (*Id.* ¶ 52, 53).

Plaintiff alleges that Defendant failed to provide her a medical plan and that the Local IBEW Board "met and finally approved" a medical plan for her and her husband in September 2015.  (*Id.* ¶¶ 23, 27).   In October 2015, Plaintiff asked Mr. Albano for the status of her medical plan, and Mr. Albano responded that "they lost the paperwork."  (*Id.* ¶ 28). Plaintiff's medical plan was not finalized until late January 2016 and became effective in February.  (*Id.* ¶ 29).

On July 6, 2016, Kenneth Brown was sworn in as the new Local IBEW Business Manager.  That same day, around 11 a.m., Mr. Brown, Mr. Albano, Mr. Albano's son, and a friend of Mr. Albano's son, arrived at Plaintiff's home unannounced. Plaintiff's husband answered the door and the men demanded

entrance into Plaintiff's home to retrieve Local IBEW documents, supplies, and equipment. Plaintiff's husband told the men, "[Plaintiff] is unavailable at the moment and will be right with you." (*Id.* ¶ 62). When Plaintiff came to the door, she saw a U-Haul truck driving down her driveway, which her husband had asked Mr. Brown to drive off their property. Mr. Brown came back to inform Plaintiff that he was there to get "his stuff" and that he was relocating the Local IBEW office. (*Id.*). Plaintiff was "shocked," "began hyperventilating," and told Mr. Brown that they should have given her notice. (*Id.* ¶¶ 63, 64). The men then removed all Local IBEW materials from Plaintiff's home to the new Local IBEW office, approximately 80 miles away from Plaintiff's home. (*Id.* ¶ 66).

Plaintiff alleges that, by the actions of Mr. Brown and Mr. Albano, Defendant forced her to resign on July 6 and breached her employment agreement by terminating her employment without just cause and failing to pay her earned vacation balance and pension contributions upon termination. (*Id.* ¶¶ 67, 70, 71). Plaintiff contends that she is owed $9,569.20 in unused vacation time, $2,646.80 in pension contributions, and approximately $51,876.00 for overtime worked during the period of July 2013 through July 2016. (*Id.* ¶¶ 54, 72).

### B.   Procedural Background

On January 16, 2017, Plaintiff filed a complaint alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.* (Count II); and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (Count III).   Plaintiff also alleges breach of contract (Count IV). (ECF No. 1).   On March 17, Defendant filed the pending motion to dismiss or, in the alternative, for summary judgment.   (ECF No. 8).   Plaintiff submitted her opposition on March 31 (ECF No. 11), and Defendant replied on April 14 (ECF No. 12).

## II.  Standard of Review[2]

Defendant has moved to dismiss or for summary judgment. Because both parties rely extensively on matters outside the pleadings, the court will treat the motion as a motion for

---

[2] Plaintiff states in her opposition that "Defendant's Motion is premature as Plaintiff is entitled to take discovery," and that "Plaintiff 'should be given the opportunity to discover information that is essential to [her] opposition.'" (ECF No. 11-10, at 15-16).   However, Plaintiff has not filed a Rule 56(d) affidavit and has failed to explain in her opposition why "for specified reasons, [she] cannot present facts essential to justify [her] opposition," without needed discovery.   *See* Fed.R.Civ.P. 56(d); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("[A] party may not simply assert . . . that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of [Rule 56(d)] to set out the reasons for the need for discovery." (citations omitted)).   Therefore, the court will consider Defendant's motion for summary judgment.

summary judgment.  *See Walker v. True*, 399 F.3d 315, 319 n.2 (4th Cir. 2005); *Offen v. Brenner*, 553 F.Supp.2d 565, 568 (D.Md. 2008).

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing there is a genuine issue for trial.'"  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50. (citations omitted).  At the same time, the court must construe the facts that are presented in the light most favorable to the

6

party opposing the motion. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

## III. Analysis

### A.   FLSA and MWHL Claims

The FLSA "requires that employees be paid time and a half for work over forty hours a week." *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) (citing 29 U.S.C. § 207(a)(1)).   The MWHL has a similar overtime wage requirement. *See* Md.Code Ann., Lab. & Empl. §§ 3-415(a), 3-420(a).   Both statutes also rely on regulations to define and interpret the exemption provision.

"The FLSA, and, by extension, the MWHL, exempt certain employees from the requirements of overtime wages, including employees in a bona fide . . . administrative, or professional capacity." *Drubetskoy v. Wells Fargo Bank, N.A.*, No. CCB-13-2196, 2013 WL 6839508, at *7 (D.Md. Dec. 20, 2013); *see also* 29 U.S.C. § 213(a)(1); Md.Code Ann., Lab. & Empl. § 3-403(1). "Administrative capacity" has the same meaning under the regulations governing the MWHL as it does under the FLSA regulations. *See* Md.Code Regs. 09.12.41.01.   Thus, an employee who qualifies for the administrative exemption under the FLSA will also qualify for that exemption under the MWHL.

The FLSA exemptions "are affirmative defenses to an FLSA claim," and they must "be narrowly construed against the

employers seeking to assert them and their application limited
to those establishments plainly and unmistakably within their
terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388,
392 (1960); *Smith v. ABC Training Ctr. of Md., Inc.*, No. JFM-13-
306, 2013 WL 3984630, at *9 (D.Md. Aug. 1, 2013).  The burden of
proof is on the employer to establish "by clear and convincing
evidence that an employee qualifies for exemption." *Shockley*,
997 F.2d at 21; *see also Clark v. J.M. Benson Co., Inc.*, 789
F.2d 282, 286 (4th Cir. 1986).

Defendant contends that Plaintiff is an exempt employee who
is not entitled to overtime pay under the FLSA and MWHL.  (ECF
No. 8-1, at 18).  The Secretary of Labor has adopted regulations
that set forth a three-part test for determining whether an
employee is subject to the administrative exception: (1) the
employee must be "compensated on a salary or fee basis at a rate
of not less than $455 per week;" (2) the employee's primary duty
must consist of "the performance of office or non-manual work
directly related to the management or general business
operations of the employer or the employer's customers;" (3) the
employee's "primary duty includes the exercise of discretion and
independent judgment with respect to matters of significance."
29 C.F.R. § 541.200(a); Md.Code Ann., Lab. & Empl. § 3-403(a)(1)
(including the administrative exemption in the MWHL).

Plaintiff argues that summary judgment should not be granted in Defendant's favor because Plaintiff was an hourly employee not exempt from overtime. (ECF No. 11, at 2). "If employees are actually paid on an hourly rather than a guaranteed salary basis, regardless of the kind of duties performed, they are covered by the wage and hour laws." *Donovan v. Kentwood Dev. Co.*, 549 F.Supp. 480, 484 (D.Md. 1982) (citation omitted).

> "An employee [is] considered to be paid on a 'salary basis' . . . if the employee regularly receives each pay period . . . a *predetermined amount* constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a) (emphasis added). Some deductions are permissible, such as for certain absences for at least one full day, as "penalties imposed in good faith for infractions of safety rules of major significance," and "for unpaid disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules . . . imposed pursuant to a written policy applicable to all employees." Id. § 541.602(b).

*Kim v. Confidential Studio, Inc.*, No. PWG-15-410, 2016 WL 4733282, at *2 (D.Md. Sept. 12, 2016).

In its motion for summary judgment, without addressing whether Plaintiff was paid on a "salary basis," Defendant asserts that Plaintiff was "earning well over $455.00 per week" during the three years before she resigned in 2016. (ECF No. 8-

1, at 21).   Plaintiff first argues in her opposition that
Defendant failed to prove an essential element of the
administrative exemption by clear and convincing evidence –
*i.e.*, whether she was paid on a "salary basis." (ECF No. 11-10,
at 17-18).   Plaintiff presents evidence that she was an hourly
employee, including: (1) Plaintiff's sworn declaration that
"[s]he was always paid an hourly wage and not a salary," that
"[her] paystubs always indicated [she] was an hourly employee
and included hours worked," and that she was told by her
supervisor that if she worked less than 8 hours in a day, she
needed to use vacation time or her pay would be docked (ECF No.
11-1 ¶¶ 5, 8); (2) former Local IBEW Business Manager Lillian
Firmani's declaration that she hired Plaintiff at an hourly rate
of $10.50 and "at all times, [Plaintiff] was an hourly employee
. . . and was paid an hourly rate" (ECF No. 11-2 ¶¶ 8, 10); (3)
former Local IBEW Treasurer Lynn Allison's declaration that at
all times during his employment between 2006 and 2013 Plaintiff
was considered and paid as an hourly employee (ECF No. 11-3 ¶¶
5, 11); and (4) a payroll list of all Local IBEW employees,
listing Plaintiff as an hourly, rather than a salaried, employee
(ECF No. 11-5, at 1-2).   In its reply, Defendant attacks
Plaintiff and Ms. Firmani's credibility and argues that their
declarations "stating that [Plaintiff] would be 'docked' wages
if she took time off, are simply untrue," attaching a payroll

summary report to show that Plaintiff "was never docked wages."
(ECF Nos. 12, at 7; 12-2).   At the summary judgment stage, the
court "may not make credibility determinations or weigh the
evidence," *Edell & Assocs., P.C. v. Law Offices of Peter G.
Angelos*, 264 F.3d 424, 435 (4th Cir. 2001), and views all
evidence in the light most favorable to the nonmoving party,
*Emmett*, 532 F.3d at 297.   Additionally, Ms. Firmani stated in
her declaration that Plaintiff rarely worked less than 40 hours
a week and, if she did, she would use vacation and sick leave.
Therefore, the report's failure to reflect a dock in wages does
not prove by clear and convincing evidence that Plaintiff was a
salaried employee.   Because this fact is material to whether
Plaintiff was an exempt employee not entitled to overtime pay,
it alone is sufficient to defeat Defendant's motion for summary
judgment.

   **B.   MWPCL Claim**

   The MWPCL allows recovery of unpaid wages.   *See, e.g.*,
*Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (2014)
(holding that "both the [M]WHL and the [M]WPCL are vehicles for
recovering overtime wages"); *Marshall v. Safeway*, 437 Md. 542,
561-62 (2014) (holding that the MWPCL generally provides an
employee a cause of action against an employer, not just for the
failure to pay wages on time, but also for the "refusal of
employers to pay wages lawfully due").

Defendant asserts that it is entitled to summary judgment on Plaintiff's MWPCL claim because she was an exempt employee under the FLSA and MWHL and thus is not entitled to recover unpaid overtime wages under the MWPCL. As noted above, a genuine dispute of material fact exists as to whether Plaintiff was an exempt employee. Therefore, Defendant is not entitled to summary judgment on Plaintiff's MWPCL claim.

### C.   Breach of Contract Claim

Plaintiff alleges in her breach of contract claim that Defendant breached its employment agreement by (1) failing to provide medical insurance to Plaintiff and pay for Plaintiff's medical premiums; (2) failing to pay Plaintiff for all unused vacation time upon termination; (3) failing to credit Plaintiff all pension contributions; and (4) terminating her employment without just cause. (ECF No. 1, at 14-15).

Defendant first argues that Plaintiff's breach of contract claim is "duplicative of Plaintiff's FLSA claim," "seeks a different remedy for the same alleged violations," and thus is "preempted and must be dismissed." (ECF No. 8-1, at 28). Plaintiff's breach of contract claim, outlined above, does not seek unpaid overtime wages as sought in her FLSA claim. Therefore, Plaintiff's claim is not preempted by the FLSA and will not be dismissed on that basis. *See Alvarez-Soto v. B. Frank Joy, LLC*, 2017 WL 2731300, at *7 (D.Md. June 23, 2017)

12

(dismissing as preempted breach of contract claim for unpaid
regular and overtime wages); *Anderson v. Sara Lee Corp.*, 508
F.3d 181, 193 (4th Cir. 2007) (dismissing as preempted state
common law claims that "depend on establishing that [the
defendant] violated the FLSA" and "essentially require the same
proof as claims asserted under the FLSA itself").

Defendant next argues that Plaintiff's breach of contract
claim "must be dismissed as a matter of law" because "Plaintiff
was an at-will, exempt, non-contractual employee. So, there can
be no breach of an employment contract." (ECF No. 8-1, at 27).
Defendant's evidence that Plaintiff was "at all times during
[her] employment with IBEW Local" a non-contractual employee is
the affidavit of Mr. Brown stating such. (ECF No. 8-2 ¶¶ 17,
18). Plaintiff has presented evidence, however, that in 1994
and 2005, she entered into an employment agreement, which
included a term that Plaintiff could only be fired for just
cause. (ECF Nos. 11-1 ¶ 22; 11-2 ¶¶ 29-31). Therefore, a
genuine dispute of material fact exists and Defendant is not
entitled to judgment as a matter of law.

Lastly, Defendant argues that Plaintiff waived Defendant's
offer of a medical plan, was credited all pension contributions
owed to her, and is not entitled to payment for any vacation
time because she used all the time allotted to her. (ECF No. 8-
1, at 27-28). Because a genuine dispute of material fact exists

as to the existence of an employment agreement and thus its potential terms, Defendant's additional arguments will not be addressed at this time and its motion for summary judgment will be denied.

## IV.  Conclusion

For the foregoing reasons, the motion for summary judgment filed by Defendant is denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
