IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALERIE PETERS                           :

   v.                                    :   Civil Action No. DKC 17-0134

INTERNATIONAL BROTHERHOOD OF             :
ELECTRICAL WORKERS, LOCAL UNION          :
NO. 1200

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of settlement agreement. (ECF No. 22). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I. Background**

Plaintiff was employed by Defendant as an office assistant and then production coordinator from 1994 through July 2016. (ECF No. 22, at 2). Plaintiff alleges that she was hired as an hourly employee and was required to work overtime 8 hours a day on Saturday and Sunday for approximately 30 weekends a year. (ECF No. 1 ¶¶ 32, 37, 38). Plaintiff alleges that Defendant did not pay her for all of her overtime hours and only paid her overtime on two occasions – once in 2014 and once in 2016. (*Id.*

¶¶ 52, 53). Plaintiff contends that she is owed approximately $51,876.00 for overtime hours worked during the period of July 2013 through July 2016. (*Id.* ¶ 54). Based on these allegations, Plaintiff filed a complaint asserting violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.* (Count II); and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (Count III). Plaintiff also asserted a claim for breach of contract (Count IV).

On March 17, 2017, Defendant filed a motion to dismiss or, in the alternative, for summary judgment (ECF No. 8), which was denied (ECF No. 13). On October 20, Defendant filed its answer to Plaintiff's complaint, disputing the factual allegations and asserting affirmative defenses. (ECF No. 15). On January 11, 2018, the parties participated in a settlement conference before Judge Day. On March 8, the parties jointly moved for approval of the portion of their settlement agreement ("the Agreement") that resolves the FLSA claim. (ECF No. 22). The Agreement provides that, upon court approval, Defendant will pay Plaintiff $63,000.00. (ECF No. 22-1, at 2). Defendant will also pay $42,000.00 for attorneys' fees and costs. (*Id.*).

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are not subject to bargaining, waiver, or modification by contract or settlement. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also* Duprey v. Scotts Co., 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set

forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, Duprey, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." Lomascolo v. Parsons Brinckerhoff, Inc., No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also* Duprey, 30 F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must

4

also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

   A. ***Bona Fide* Dispute**

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408.

Here, there is a *bona fide* dispute. In the Agreement, Plaintiff reaffirms her allegations that Defendant failed to pay her for all her hours worked and failed to pay her time-and-a-half for all overtime hours over forty hours per week. (ECF No. 22-1, at 1). Defendant denies that Plaintiff is owed any wages or compensation. (*Id.*). The parties dispute whether Plaintiff was an hourly or salaried employee, which is material to whether Plaintiff is entitled to overtime pay under the FLSA. Thus, the pleadings, along with the parties' recitations in the proposed settlement agreement, establish that a *bona fide* dispute exists as to Defendant's liability to Plaintiff for overtime payments under the FLSA.

**B. Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Although the parties agreed to settle at an early stage of the proceedings, before any formal discovery has taken place, the parties exchanged "numerous affidavits and payroll documents" at the motion for summary judgment stage, "which served as an early opportunity for informal discovery." (ECF No. 22, at 4). The parties contend that they "are well apprised of each other's positions[,]" "knowledgeable regarding the payroll records maintained by Defendant[,]" and wish to settle "rather than endure the risks, uncertainties, and increased fees and costs associated with prolonged litigation." (*Id.*). Moreover, there is no evidence that the Agreement is the product of fraud or collusion, and it appears to be the result of negotiations between experienced counsel.

As to the relationship between the amount of settlement and Plaintiff's potential recovery, the Agreement appears to be fair and reasonable. Plaintiff calculated that she was owed approximately $51,876.00 in overtime pay, not including liquidated damages. Given that Plaintiff's likelihood of success on the merits depends on Plaintiff's ability to prevail on the issue of whether she is a non-exempt employee under the

6

FLSA, and that losing this issue would result in no recovery of overtime pay, the settlement amount of $63,000.00 appears reasonable and fair.

### C. Attorneys' Fees and Costs

Finally, the Agreement's provisions regarding attorneys' fees and costs must also be assessed for reasonableness.

> In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide, even when the attorneys fees are based on a contingency fee. An attorneys fee award negotiated pursuant to a contingent-fee arrangement can be approved if a court finds that (1) the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) they are reasonable under the lodestar approach.

*Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 367 (D.Md. 2016) (internal citations omitted). The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Duprey, 30 F.Supp.3d at 412 (quoting Blum v. Stenson, 465 U.S. 886, 890 n.11 (1984)). One tool in that analysis can be found in the rates in Appendix B to this court's Local Rules.

Plaintiff's counsel state in the joint motion that they represented Plaintiff on a contingency basis and "[t]he amount for fees and costs awarded in the settlement is a product of the contingency arrangement." (ECF No. 22, at 4 n.1). However, the Agreement separately provides for attorneys' fees and states that separate and apart from the payment of $63,000.00 to Plaintiff, Defendant will pay Plaintiff's counsel $42,000.00 for attorneys' fees and costs. (ECF No. 22-1 ¶¶ 2, 3). As previously considered, $63,000.00 for the settlement of Plaintiff's claims is fair and reasonable. For the following reasons, the attorneys' fees appear to be reasonable as well. Two of the three attorneys representing Plaintiff have over thirty years' experience. (ECF No. 22, at 4 n.1). According to Appendix B, a reasonable hourly fee for attorneys with more than 20 years of experience ranges from $300-475. Plaintiff's counsel state that they have spent 261.61 hours working on this case preparing the complaint, response in opposition to Defendant's motion to dismiss or, in the alternative, for summary judgment, and representing Plaintiff in the settlement conference. (*Id.*). A total fee of $42,000.00 is equivalent to an hourly rate of $160.54, which falls well below the reasonable fee for attorneys with 20 years or more of experience. Thus, pursuant to the Maryland guidelines, a total amount of attorneys' fees of $42,000.00 is reasonable as it falls below

the customary fee in Maryland for the legal work involved.

**III. Conclusion**

For the foregoing reasons, the joint motion for approval of settlement agreement will be granted. A separate order will follow.

                                                    /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge